FOR PUBLICATION

**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

|  |  |  |
|---|---|---|
| RONALD MARTIN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil No. 2008-109 |
| BANCO POPULAR DE PUERTO RICO, | ) ) | |
| Defendant. | ) ) | |

ATTORNEYS:

**James M. Derr, Esq.**
St. Thomas, U.S.V.I.
   *For the plaintiff,*

**Ashlee M. Gray, Esq.**
St. Thomas, U.S.V.I.
   *For the defendant.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of Banco Popular de Puerto Rico ("Banco Popular") for a stay pending appeal.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Court has already set forth the factual and procedural background of this case in detail. *See Martin v. Banco Popular de Puerto Rico,* 2009 WL 1421274 (D.V.I. 2009). The Court therefore

recites only those facts necessary for the resolution of Banco Popular's motion.

James L. Reed ("James Reed") owned a condominium unit described as Apartment No. 302E St. Maarten Building, Sapphire Hill Village Condominium, Parcel No. 16-1-1A Estate Smith Bay, Nos 1, 2, and 3 East End Quarter, St. Thomas, U.S. Virgin Islands (the "Condominium"). The Condominium was subject to a mortgage (the "Mortgage"), which was originally executed in favor of the Home Mortgage Company. In 1992, the Mortgage was assigned to Banco Popular.

In 1995, James Reed died. At that time, title to the Condominium passed as a matter of law to Anngia Reed, James Reed's daughter and sole heir. Helen M. Reed ("Helen Reed") was appointed administratrix of the Estate of James Reed, in a probate action conducted in the Superior Court of the Virgin Islands, Division of St. Thomas and St. John, captioned *Estate of James Leonard Reed*, Terr. Ct. Probate No. 982/1995 (the "Probate Action").

On March 26, 2003, Helen Reed, individually and in her capacity as administratrix of the Estate of James Reed, and Anngia Reed, individually, executed a Deed in Lieu of Foreclosure in favor of Banco Popular. The Deed in Lieu of Foreclosure transferred the Condominium to Banco Popular in exchange for

satisfaction of the debt secured by the Mortgage. The Deed in Lieu of Foreclosure was recorded with the Recorder of Deeds for St. Thomas and St. John (the "Recorder") on May 14, 2003, as document number 2003003389.

On September 12, 2003, Banco Popular entered into a Contract of Sale (the "Contract") with Ronald Martin ("Martin") for the sale of the Condominium. Thereafter, Banco Popular refused to convey the Condominium to Martin because it claimed that it did not possess clear title to the Condominium.

In a letter dated January 26, 2006, counsel for Banco Popular informed Martin that "after incessant efforts [Banco Popular] has yet to acquire clear title to [the Condominium]. Because Banco Popular does not effectively own the [Condominium], it is in no position to sell it to you." (Ex. N. to Joint Stipulation of Facts, Letter from Dudley Topper and Feurzeig, LLP to Martin 1, Jan. 26, 2006.) The letter further stated that Banco Popular was terminating the Contract of Sale.

On October 4, 2006, the Superior Court entered an Adjudication (the "Adjudication") declaring Anngia Reed to be the sole heir at law of James Reed, and awarding her all of the property of the Estate, including the Condominium.

On July 16, 2008, Martin commenced this action against Banco Popular in the Superior Court, claiming that Banco Popular

breached its obligations under the Contract, and requesting specific performance thereof. Specifically, Martin's complaint seeks an order directing Banco Popular to convey the Condominium to him by warranty deed for the purchase price of $38,000.

On August 1, 2008, the matter was removed to this Court, pursuant to a notice of removal filed by Banco Popular.[1] Thereafter, Banco Popular filed an answer to Martin's complaint. Banco Popular also filed a counterclaim against Martin. Count One of the counterclaim seeks a declaratory judgment stating that Banco Popular "properly terminated the Contract when it could not convey title within a reasonable period of time." (Answer and Counterclaim 4, ¶ 11, Aug. 13, 2008.) Count Two is a claim for slander of title, based on Martin's conduct in recording the Notice of Interest in the Condominium. Count Three seeks an injunction requiring Martin to immediately remove the Notice of Interest. Count Five is a claim for unjust enrichment against Martin.

Martin subsequently moved for summary judgment on his complaint against Banco Popular. Additionally, Banco Popular

---

[1] The notice of removal states that removal is appropriate on grounds that the parties are diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]").

moved for summary judgment on its counterclaim against Martin for slander of title. On May 20, 2009, the Court issued a Memorandum Opinion and Order granting Martin's motion for summary judgment against Banco Popular. The Court also denied Banco Popular's cross-motion for summary judgment against Martin.

Banco Popular has filed a notice of appeal from this Court's May 20, 2009, Order. Now, Banco Popular seeks to stay execution of that Order pending appeal.

## II. **ANALYSIS**

When evaluating a motion for a stay pending an appeal, a court should consider: (1) whether the stay applicant made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will suffer irreparable injury absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). "[T]he traditional stay factors contemplate individualized judgments in each case." *Hilton*, 481 U.S. at 777. "Where the latter three factors favor a stay, [an applicant] need only demonstrate a substantial case on the merits to warrant issuance of a stay[.]" *Bank of Nova Scotia v.*

*Pemberton*, 964 F. Supp. 189, 190 (D.V.I. 1997) (quotation marks and citation omitted).

A stay pending appeal has been described as an extraordinary remedy. *See United States v. Cianfrani*, 573 F.2d 835, 846 (3d Cir. 1978); *Adams v. Walker*, 488 F.2d 1064, 1065 (7th Cir. 1973) (citing *Belcher v. Birmingham Trust National Bank*, 395 F.2d 685, 686 (5th Cir. 1968)).

**A.   Likelihood of Success on the Merits**

Banco Popular argues that it is likely to succeed on the merits of its appeal because it properly terminated the Contract with Martin, and therefore should not be compelled to specifically perform its obligations thereunder.  Banco Popular does not take issue with the finding of the Court that, on March 26, 2003, Banco Popular acquired Anngia Reed's fee simple absolute interest in the Condominium by virtue of the Deed in Lieu of Foreclosure.  It also does not take issue with the finding that Anngia Reed's interest was subject only to the rights of Helen Reed, as administratrix of the Estate, to possess the Condominium during administration of the Estate or to apply it to the satisfaction of any claims against the Estate.  However, Banco Popular claims that termination of the Contract with Martin was proper because Banco Popular did not have "good, marketable, and insurable fee simple title" to the Condominium,

as was required to be conveyed pursuant to the terms of the Contract. *See* (Mot. to Stay 5, July 11, 2009) (quoting Contract of Sale at ¶ 6.) More specifically, Banco Popular contends that the title it possessed when it contracted to sell the Condominium to Martin in 2003 was not "marketable" because it was subject to the rights of the administratrix during the pendency of the Probate Action.

The Court is unaware of any binding legal authority addressing the specific question of whether title to real property formerly held by a decedent is considered to be "marketable" during the pendency of probate proceedings for the decedent. Black's Law Dictionary defines the term "marketable title" as

> [a] title that a reasonable buyer would accept because it appears to lack any defect and to cover the entire property that the seller has purported to sell; a title that enables a purchaser to hold property in peace during the period of ownership and to have it accepted by a later purchaser who employs the same standards of acceptability.

Black's Law Dictionary (8th ed. 2004). Here, the title held by Banco Popular in 2003 lacked any defect, and covered the entire Condominium Property. However, because such title was subject to the right of the administratrix to possess the Property during the pendency of the Probate Action, it is possible that Martin

would not have been able to hold the Condominium in peace during that time.

However, even if Banco Popular did not have "marketable title" to the Condominium at the time it contracted to sell the Condominium to Martin, it does not follow that Banco Popular's termination of the Contract was proper. Absent an agreement to the contrary, it is axiomatic that "one party to a contract cannot by himself rescind it[.]" *Supreme Council A.L.H. v. Black*, 123 F. 650, 652 (3d Cir. 1903). The Contract of Sale in this case contained no provision allowing Banco Popular to terminate the Contract if it could not convey "marketable title" to the Condominium to Martin. However, Banco Popular nonetheless argues that it was allowed to terminate the Contract because performance thereunder was impossible.

Impossibility or impracticability of performance may, in appropriate circumstances, constitute grounds for rescission of a contract. *See* Restatement (Second) of Contracts §§ 261, *et seq.* However, the Restatement (Second) of Contracts § 269 ("Section 269") makes clear that

> Impracticability of performance or frustration of purpose that is only temporary suspends the obligor's duty to perform while the impracticability or frustration exists but does not discharge his duty or prevent it from arising unless his performance after the cessation of the impracticability or frustration would be

>   materially more burdensome than had there been no
>   impracticability or frustration.

*Id.* at § 269.

In this case, upon the entry of the Adjudication in the Probate Action in October, 2006, the Probate Action was terminated, and Banco Popular's title to the Condominium was no longer subject to the exercise of any rights of the administratrix. Thus, at that time, the condition that Banco Popular argues rendered its title to the Condominium less than "marketable" ceased to exist. Accordingly, any impracticability of performance due to Banco Popular's lack of "marketable title" was only temporary. Indeed, the defect in "marketability" claimed by Banco Popular -- the fact that title was subject to the rights of the administratrix during the pendency of the Probate Action -- is by its very nature temporary. Furthermore, Banco Popular has not asserted, nor is the Court aware of, any reason why performance after the entry of the Adjudication would be materially more burdensome for Banco Popular than before the Adjudication. Accordingly, even if Banco Popular lacked "marketable title" during the pendency of the Probate Action, such fact did not discharge Banco Popular of its obligations under the Contract. *See* Restatement (Second) of Contracts § 269.

Rather, Banco Popular remained obligated to convey the Condominium to Martin pursuant to the terms of the Contract. As

this Court found in its May 20, 2009, Memorandum Opinion, Banco Popular breached that obligation by refusing to convey the Condominium to Martin. Furthermore, the Court has determined that specific performance is warranted as a remedy for such breach because (1) the terms of the Contract are sufficiently certain; (2) no adequate remedy at law exists for the breach; (3) Martin has materially performed his obligations under the Contract; and (4) the grant of such relief is not unfair, against public policy, or otherwise inequitable. *See* Restatement (Second) of Contracts §§ 357, 359, 362, 364, 369. The Court perceives no reason to disturb that determination now.

In short, the Court finds that Banco Popular has fallen short of its burden of making a strong showing that it will succeed on the merits of its appeal of the May 20, 2009, Order. However, given the dearth of legal authority governing the issue of whether a party can convey "marketable title" to real property during the pendency of probate proceedings, the Court finds that Banco Popular has presented a substantial case on the merits for appeal.

Accordingly, the Court finds that this factor weighs slightly in favor of a stay.

**B.  Harm to Banco Popular**

Banco Popular argues that it will suffer irreparable injury

absent a stay pending appeal for two reasons. First, Banco Popular claims that if it is forced to convey the Condominium to Martin during the pendency of its appeal, then the appeal may be rendered moot. Second, it contends that if it sells the Condominium to Martin, then Martin may sell it to a third party, making it impossible for Banco Popular to get back in the event Banco Popular succeeds on appeal.

As the Supreme Court of the United States has explained,

> The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

*Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 952-53, 39 L.Ed.2d 166 (1974).

Here, the essential nature of the harm alleged by Banco Popular is the risk of losing real property: the Condominium. As comment e to the Restatement (Second) of Contracts § 360 explains:

> A specific tract of land has long been regarded as unique and impossible of duplication by the use of any amount of money. Furthermore, the value of land is to some extent speculative. Damages have therefore been regarded as inadequate to enforce a duty to transfer an interest in land.

Restatement (Second) of Contracts § 360 cmt. e. Furthermore, as this Court explained in its May 20, 2009, Memorandum Opinion, there is no reason to distinguish the Condominium in this case from other real property in this respect. Thus, monetary damages would not necessarily allow Banco Popular to purchase the Condominium's duplicate. Therefore, the Court finds that Banco Popular faces a risk of irreparable harm absent a stay.

Accordingly, this factor weighs in favor of granting a stay pending appeal.

**C.  Harm to Martin**

Martin argues that he will suffer irreparable harm if the Court grants a stay pending appeal. He claims that the condominium market in the Virgin Islands is in a period of decline, and that, with the passage of time, "Martin is suffering losses measured by a decrease in value of the Condominium[.]" (Opp'n to Mot. to Stay 8, July 15, 2009.) However, Martin has not presented any evidence whatsoever in support of his claim that the value of his investment in the Condominium will decline if the Court grants a stay pending appeal.

Furthermore, granting a stay pending appeal would merely maintain the status quo with respect to the sale of the Condominium. The purchase price for the Condominium will remain

the same, as will all of the other terms and conditions of the sale. Therefore, the Court finds that granting a stay pending appeal will not cause irreparable injury to Martin.

**D.  Public Interest**

Banco Popular contends that the public interest favors granting a stay pending appeal because absent a stay, Banco Popular's right to appeal from this Court's May 20, 2009, Judgment may be rendered meaningless. In Banco Popular's view, no effective relief could be granted on appeal if Banco Popular is forced to convey the Condominium to Martin, and Martin in turn conveys the Condominium to a third party.

Furthermore, the Court notes that the public interest disfavors unnecessary transfers of real property. Such unnecessary transfer may occur if Banco Popular was compelled to convey the Condominium to Martin, this Court's May 20, 2009, Judgement were reversed on appeal, and then Martin were required to re-convey the Condominium back to Banco Popular. Such process would result in an inefficient use of resources for all parties involved. Thus, the more reasoned course of action is to maintain the status quo until the Third Circuit rules upon Banco Popular's appeal.

Accordingly, the Court finds that the public interest favors granting a stay pending appeal.

### III. <u>CONCLUSION</u>

For the foregoing reasons, the Court will grant Banco Popular's motion for a stay pending appeal. An appropriate Order follows.

S\_____
**Curtis V. Gómez
Chief Judge**